**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

DONALD LEE,

        Plaintiff,

v.                                      Case No: 2:12-cv-685-FtM-38DNF

EMERALD POINTE CONDOMINIUM
ASSOCIATION, INC.,

        Defendant.
_____/

## ORDER

This matter comes before the Court on the Defendant, Emerald Pointe Condominium Association, Inc.'s Motion to Dismiss Counts III and IV (Doc. #10) filed on March 5, 2013. The Plaintiff, Donald Lee filed his Response in Opposition (Doc. # 12) on March 19, 2013. The case was reassigned to the undersigned District Judge (Doc. # 17) on May 30, 2013. The case is fully briefed and ripe for the Court's review.

## Facts

This case was brought pursuant to the Age Discrimination Employment Act (ADEA) 29 U.S.C. § 621 *et seq.* and the Florida Civil Rights Act (FCRA) Fla. Stat. § 760.01 *et seq.* The Defendant moves the Court to dismiss Counts III, Promissory Estoppel and IV, Fraud. Lee is an individual over the age of forty (40) and therefore a member of a protected class under the ADEA and FCRA.

In November of 2011, the Lee developed severe neurological issues culminating in brain hemorrhaging that required emergency hospitalization. While Lee was in the

hospital, he requested leave from his employment which was granted by the Defendant. In his Complaint, Lee states he was told he could return to work after his leave.

Lee states that when he was able to return to work he submitted satisfactory medical documentation to the Defendant and requested his job back. However, the Defendant's manager refused to allow Lee to return to his previous position with the same schedule. Lee claims the manager promised him he would hold his old position for him with his same schedule until he was able to return. Lee now states, unbeknownst to him at the time, his position was given to an individual under the age of forty (40).

Lee claims that the Defendant misrepresented that his position would be held while he was on leave and instead gave his position to a younger individual and thereby discriminated against him. Lee filed the instant Complaint against the Defendant claiming that by refusing to return him to his former position and schedule as promised and giving his position to a younger individual the Defendant violated the ADEA and FCRA.

## Standard of Review

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiffs. Christopher v Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). However, dismissal for failure to state a claim upon which relief may be granted does not require appearance, beyond a doubt. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561- 563, S. Ct. 127 S. Ct. 1955, 167 L. Ed 2d 929 (2007) (aboragating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). While a complaint attacked by a Rule

12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement" to relief requires more than labels, conclusions, and a formulaic recitation of the cause of actions elements. Bell Atlantic, 550 U.S. 544, 561- 563.

To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Id. at 555; Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). Although the pleading standard announced in Fed R. Civ. P. 8 does not require "detailed factual allegations," it does demand more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." Sinaltrainal v. Coca-Cola Co., 578 F. 3d 1252, 1268 (11th Cir. 2009) (citing Ascroft v. Iqbal, ----- U.S.----, 129 S. Ct. 1937, 1949, 173 L. Ed 2d 868 (2009). Furthermore, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of the allegations. Sinaltrainal, 578 F. 3d at 1268 (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)). The facts as pled must state a claim for relief that is plausible on its face. Sinaltrainal, 578 F. 3d at 1268 (citing Iqbal, 129 S. Ct. at 1950). Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Simplexgrinnell, L.P. v. Ghiran, 2007 WL 2480352 (M.D. Fla. August 29, 2007) (citing Neitzke v. Williams, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); Brown v. Crawford County, Georgia, 960 F.2d 1002, 1009-1010 (11th Cir. 1992).

**Discussion**

The Defendant moves the Court to dismiss Counts III and IV of Lee's Complaint. In Count III, Lee states a claim for Promissory Estoppel and in Count IV, Lee claims Fraud arguing the Defendant led him to believe he could have his old job back with his same schedule. The Defendant argues that in an at-will employment position Promissory Estopple and Fraud claims are not applicable by law and the Counts should be dismissed.

### Count III Promissory Estopple

The Defendant argues that the Plaintiff was never induced to take action nor acted in reliance upon the Defendant's promise concerning whether he would be allowed to take leave or whether his position would be protected in the interim. The Defendant further argues that the Plaintiff has not alleged the existence of any contract for employment, nor that one was promised to him upon his return from leave. As such, any promised employment was at-will and therefore any such agreement related to future conduct and could be reneged at-will by the Defendant.

The law in Florida, with respect to the doctrine of promissory estoppel, is stated in Mt. Sinai Hospital of Greater Miami, Inc. v. Jordan, 290 So.2d 484 (Fla.1974). Although the Florida Supreme Court did not apply the doctrine of promissory estoppel to enforce a promise under the facts of Mt. Sinai, the court did endorse promissory estoppel as a viable cause of action and it set out the applicable requirements. Golden v. Complete Holdings, Inc., 818 F. Supp. 1495, 1498 (M.D.Fla.1993). The Mt. Sinai decision . . . "[f]or the doctrine of promissory estoppel to be applicable, the promisor must make a promise which he should reasonably expect to induce action or

forbearance of a substantial character on the part of the promisee ..." Id. (quoting Mt. Sinai, 290 So. 2d at 486).

The Defendant argues that the Plaintiff's reliance on the Defendant's statements amounted to nothing more than mere expectations of continued employment and that such a claim is barred by the employment-at-will doctrine.  The Defendant argues the Plaintiff's claim for promissory estoppel should be dismissed due to the fact that Plaintiff has not alleged the existence of any contract for employment nor that one was promised to him upon his return from leave.  Lee states that when he was able to return to work he submitted satisfactory medical documentation to the Defendant and requested his job back. (Doc. #1, ¶ 15).  However, the Defendant's manager refused to allow Lee to return to his previous position with his prior work schedule. (Doc. #1, ¶ 16) Lee claims the manager promised him he would hold his old position for him with his same schedule until he was able to return. (Doc. #1, ¶ ¶ 14-16).

The Defendant's argument misapplies the employment-at-will doctrine.  The Plaintiff here has not alleged a breach of an employment contract; rather, the Plaintiff has asserted a claim under the established doctrine of promissory estoppel by stating that his manager told him he would be returned to work at his old schedule following his brief leave and Lee relied on those statements. (Doc. # 1, ¶ 14-16).  Such a claim is not barred by the employment-at-will doctrine. Golden, 818 F. Supp. at 1498.

Under the elements of promissory estoppel, as stated in Mt. Sinai, the allegations in the Plaintiff's Complaint satisfy the requirements for a viable cause of action for promissory estoppel.  Thus, the Motion to Dismiss Count III is due to be denied.

Count IV Fraud

The elements of fraud under Florida law are: "(1) a false statement concerning a material fact; (2) knowledge by the person making the statement that the representation is false; (3) the intent by the person making the statement that the representation will induce another to act on it; and (4) reliance on the representation to the injury of the other party." Lance v. Wade, 457 So.2d 1008, 1011 (Fla.1984).

Lee states that he is not claiming that a contract existed, only that his manager told him he would be returned to work at his old schedule following his brief leave. (Doc. # 1, ¶ 14-16).  The Defendant argues that Lee was an at-will employee and, therefore; neither fraud nor fraudulent inducement can be pled as a matter of law.  However, the employment-at-will doctrine does not apply where a plaintiff does not seek to recover for breach of contract. Paine v Domino's Pizza, LLC, 2011 WL 1102788 * 4 (S.D. Fla. March 24, 2011) (citing Golden, 818 F. Supp. at 1488) ( holding "[a] claim for negligent misrepresentation also sounds in tort, removing such a claim from the ambit of the employment-at-will doctrine.");

Claims alleging fraudulent misrepresentation and fraud in the inducement have been permitted to proceed where the plaintiff is an at-will employee. *See* J.R.D. Mgmt. Corp. v. Dulin, 883 So.2d 314, 319 (Fla. 4th DCA 2004) ("We disagree with defendant's argument that fraud in the inducement cannot lie when employment is at will and terminable at any time. There is no reason why even at-will employment cannot be fraudulently induced."); Stow v. Nat'l Maintenance Co., 610 So.2d 1378, 1382 (Fla. 1st DCA 1992) ("One's status as an employee terminable at will not, in and of itself, relieve from liability an employer whose independent wrongful act caused the employee to lose

a position of gainful employment."). Thus, Count IV survives the Defendant's argument that employment-at-will prevents a fraud or inducement claim. As such, the Defendant's Motion to Dismiss Count IV is due to be denied.

### Conclusion

Based upon the Plaintiff's allegations in the Complaint, he has properly pled a claim for Promissory Estopple in Count III and Fraud in Count IV. Therefore, the Defendant's Motion to Dismiss is due to be denied.

Accordingly, it is now

**ORDERED:**

The Defendant, Emerald Pointe Condominium Association, Inc.'s Motion to Dismiss Counts III and IV (Doc. #10) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of June, 2013.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record