UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONALD LEE,

      Plaintiff,

v.                         Case No:  2:12-cv-685-FtM-38DNF

EMERALD POINTE CONDOMINIUM
ASSOCIATION, INC.,

      Defendant.

_____/

## ORDER[1]

    This matter comes before the Court on the Defendant Emerald Pointe Condominium Association, Inc.'s Motion for Final Summary Judgment (Doc. #25) filed on March 26, 2014.  The Plaintiff, Donald Lee filed his Response in Opposition (Doc. #29) on April 22, 2014.  The Motion is fully briefed and ripe for the Court's review.

## FACTS

    The Defendant Donald Lee was employed as a security guard for the Plaintiff, Emerald Pointe Condominium Association ("Emerald Pointe").  In October of 2011, Lee fell in his bathroom and suffered neurological injuries.  Lee was admitted to the emergency room at Fawcett Memorial Hospital and later transferred to Charlotte Regional Medical Center on October 16, 2011. The neurological issues resulted in brain

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

hemorrhaging subsequently required emergency hospitalization and surgery.  Lee was discharged from the hospital on October 26, 2011, and given a medical release to return to work on December 2, 2011.

While in the hospital, Jarett Beebe visited Lee. Beebe was Lee's supervisor at Emerald Pointe.   During Beebe's visit, Lee contends he asked Beebe if he could keep his old schedule when he returned to work.  Lee contends Beebe told him he could. Beebe disputes the claim and says he never told Lee that he could return to his old schedule. Beebe states he merely said that Lee could return to work.

After Lee's discharge from the hospital, Beebe informed Lee that Lee could return to work at Emerald Pointe only if he worked a Saturday and Sunday schedule.   In response to this news, Lee explained that he could not work on Saturdays and Sundays due to his position with the Charlotte County Airport Commission.  In addition, Emerald Pointe states Lee signed an agreement in 2008 agreeing to work on Saturdays and Sundays.   Lee admits he signed the agreement but disputes Emerald Pointe's interpretation of the terms of the agreement.  Lee's schedule prior to the accident was Wednesday, Thursday, and Friday from 2:00 pm until 10:00 pm.  After Lee was told he could return to work on Saturdays and Sundays but could not have his old schedule, Lee never returned to work at Emerald Point.

On July 16, 2013, Lee filed his Amended Complaint (Doc. #22) pursuant to the Age Discrimination in Employment Act ("ADEA") (Count I), and the Florida Civil Rights Act ("FCRA") (Count II), Promissory Estoppel (Count III) and for Fraud (Count IV) against the Defendant, Emerald Pointe Condominium Association, Inc.  Emerald Pointe now moves to dismiss the Amended Complaint on final summary judgment.

## STANDARD OF REVIEW

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  An issue is genuine if there is sufficient evidence such that a reasonable jury could return a verdict for either party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 U.S. 2505, 91 L. Ed. 2d 202 (1986).  Similarly, an issue is material if it may affect the outcome of the suit under governing law. Id.  The moving party bears the burden of showing the absence of any genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  In deciding whether the moving party has met this initial burden, the Court must review the record and all reasonable inferences drawn from the record in the light most favorable to the non-moving party.  Whatley v. CNA Ins. Co., 189 F.3d 1310, 1313 (11th Cir. 1999).  Once the Court determines that the moving party has met its burden, the burden shifts and the non-moving party must present specific facts showing that there is a genuine issue for trial that precludes summary judgment.  Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, S. Ct. 1348, 89 L. Ed. 2d 538 (1986).  "The evidence presented cannot consist of conclusory allegations, legal conclusions or evidence which would be inadmissible at trial."  Demyan v. Sun Life Assurance Co. of Canada, 148 F. Supp. 2d 1316, 1320 (S.D. Fla. 2001) (citing Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991)).  Failure to show sufficient evidence of any essential element is fatal to the claim and the Court should grant the summary judgment.  Celotex, 477 U.S. at 322-323.  Conversely, if reasonable minds could find a genuine issue of material fact

then summary judgment should be denied.  Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1532 (11th Cir. 1992).

## **DISCUSSION**

Emerald Pointe argues summary judgment should be granted because it is undisputed that Lee agreed to work on weekends.  Emerald Pointe further claims Lee left his job with his own free will because he was dissatisfied with the weekend schedule.  Lee states he would be prevented from working on weekends because of his commitment to the Charlotte County Airport Commission.  Lee states Beebe and Emerald Point knew he could not work a weekend only schedule.  As such, Lee states he was constructively discharged from his employment because of his age.  The Court will address each count in the Amended Complaint below.

### *Count I ADEA*

In his Complaint, Lee claims he is a member of a protected class because he is over forty (40) years of age.  Lee argues the transition to the Saturday and Sunday schedule was an adverse employment action and his previous schedule was given to a younger less qualified individual.  Emerald Pointe argues Lee was not subjected to an adverse employment action because a mere change in schedule is not an adverse action under the law.

ADEA prohibits an employer from "discharg[ing] any individual or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The Supreme Court has interpreted the ADEA's requirement that an employer took adverse action "because of" age as meaning that age must be "the 'reason' that the

employer decided to act." Castro v. School Bd. of Manatee County, Fla., 903 F.Supp.2d 1290, 1299 (M.D. Fla. 2012) (citing Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 129 S. Ct. 2343, 2350, 174 L.Ed.2d 119 (2009)). In other words, "[t]o establish a disparate-treatment claim under the plain language of the ADEA . . . a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." Castro, 903 F.Supp.2d at 1299. Thus, the burden of persuasion remains on the plaintiff to prove his ADEA disparate-treatment claim, and he may do so either by direct or circumstantial evidence. Id.

To establish a prima facie case of age discrimination under the ADEA Lee must demonstrate: (1) that he is a member of the protected age group and was adversely affected by an adverse employment decision; (2) that he was qualified for his position; and (3) "evidence by which a fact finder reasonably could conclude that the employer intended to discriminate on the basis of age in reaching that decision." Id. at 1300 (citing Vaughan v. Morgan Stanley DW, Inc., 158 Fed. Appx. 205, 207 (11th Cir.2005) (citing Watkins v. Sverdrup Tech., Inc., 153 F.3d 1308, 1314 (11th Cir.1998)).

While Lee states that his schedule change was an adverse employment action. Emerald Pointe argues that the change was not an adverse employment action because it was merely a shift change and a mere change in schedule is not an adverse action.  A plaintiff pursuing an ADEA claim must demonstrate that he suffered an "adverse employment action." Van Voorhis v. Hillsborough County Bd. of County Comm'rs, 512 F.3d 1296, 1300 (11th Cir.2008). "An adverse employment action is an ultimate employment decision, such as discharge or failure to hire, or other conduct that alters the employee's compensation, terms, conditions, or privileges of employment, deprives him

or her of employment opportunities, or adversely affects his or her status as an employee." McNa v. Communications Inter-Local Agency, 551 F.Supp.2d 1343, 1347 (M.D. Fla. 2008) (quoting Van Voorhis, 512 F.3d at 1300)).

Lee contends that the schedule change cost him thirty-three percent (33%) of his total income—a change so severe that he claims it constituted an adverse employment action.  Lee further argues that Emerald Pointe knew Lee could not work the hours offered on Saturday and Sunday because of his commitment to the Charlotte County Airport Authority required him to be present on weekends.  Lee asserts that Emerald Pointe was fully aware of his commitment to the Airport Authority and the schedule change was nothing more than a constructive termination.

Emerald Pointe responds that Lee signed an agreement to work weekends back in 2008 and that the agreement did not have any disclaimers that he could not work every weekend on an ongoing basis and that the change in hours and work schedule was simply not an actionable adverse employment action.  There is a dispute, however, as to the application of the terms of Lee's agreement to work on weekends.  Lee said he would and did occasionally work on weekends to fill in for others when necessary but that he did not believe that he was required to work a regular schedule on Saturdays and Sundays.

After reviewing the record and considering all reasonable inferences drawn from the record in the light most favorable to the non-moving party, a reasonable juror could reasonably find that a change in schedule created an adverse employment action.  See Taylor v. Roche, 196 Fed. Appx. 799, 802 (11th Cir. 2006) (" For example, 'a schedule change in an employee's work schedule may make little difference to many workers, but

may matter enormously to a young mother with school age children.' [] A transfer that results in a diminished opportunity for increases in salary constitutes an adverse employment action") (quoting Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006) and citing Bass v. Board of County Commissioners of Orange County, Fla., 256 F.3d 1095, 1118-19 (11th Cir. 2001)).  Thus, there is a genuine issue of material fact as to whether Emerald Pointe materially and adversely altered the terms and conditions of Lee's employment.  The first prong of the standard in establishing an ADEA claim requires that a member of the protected group be harmed by an adverse employment action. Castro, 903 F.Supp.2d at 1300.   Since a genuine issue of material fact exists as to whether there was an adverse employment action, the Motion for Summary Judgment regarding the ADEA claim is denied.

### Count II FCRA

The FCRA prohibits age discrimination in the work place and follows federal law, which prohibits age discrimination through the ADEA. City of Hollywood v. Hogan, 986 So.2d 634, 641 (Fla. 4th DCA 2008) (M.D. Fla. Jan. 24, 2014) (citing Fla. Stat. § 760.10(1)(a)).  Thus, FCRA and ADEA are subject to the same analysis. Carlson v. WPLG/TV-10, 956 F. Supp. 994, 1005 (S.D. Fla. 1996) (holding courts analyze claims pursuant to the Florida Civil Rights Act of 1992 (FCRA) in the same manner as claims under the ADEA).  Both federal and state law hold that a *prima facie* case can be established under the FCRA in the same manner as the ADEA. City of Hollywood, 986 So.2d 634.

Lee's ADEA and FCRA claims are based upon the same operative facts surrounding his alleged injury and subsequent change of schedule at Emerald Pointe.

The Court having established that the FCRA and ADEA claims are analyzed under the same burden of proof, and Lee's claims being based upon the same operative facts, the Court concludes that there is a genuine issue of material fact regarding the FCRA claim. The Motion for Summary Judgment as to Count II is therefore, denied.

### (3) Count III Promissory Estoppel

In Count III of the Amended Complaint, Lee seeks damages for promissory estoppel. Lee states he relied on the promise of Emerald Pointe that he could return to his former job and schedule.

The law in Florida with respect to the doctrine of promissory estoppel, is stated in Mt. Sinai Hosp. of Greater Miami, Inc. v. Jordan, 290 So. 2d 484 (Fla. 1974). Although the Florida Supreme Court did not apply the doctrine of promissory estoppel to enforce a promise under the facts of Mt. Sinai, the court did endorse promissory estoppel as a viable cause of action and it set out the applicable requirements. Golden v. Complete Holdings, Inc., 818 F. Supp. 1495, 1498 (M.D. Fla. 1993).

"A mere gratuitous promise of a future gift, lacking consideration, is simply unenforceable as a *nudum pactum*. [However,] [w]hen the gratuitous promise is coupled with an inducement for others to subscribe, the promise is no longer void on its face." Cucinotta v. CVS Pharmacy, Inc., No. 8:12-cv-1194-T-33AEP, 2012 WL 5467524, *3 (M.D. Fla. Nov. 9, 2012) (citing Mount Sinai, 290 So.2d at 486)). Florida law follows the Restatement (Second) of Contracts, Section 90, regarding the basic elements of promissory estoppel. See Friends of Lubavitch/Landlow Yeshivah v. N. Trust Bank of Fla., 685 So.2d 951, 952 (Fla. 3d DCA 1996). As explained in Section 90 of the Restatement, "[a] promise which the promisor should reasonably expect to induce action or forbearance

on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." Cucinotta, 2012 WL 5467524, at *3 (citing Friends of Lubavitch, 685 So.2d at 952) (quoting Restatement (Second) of Contracts, Section 90 (1979)).

Emerald Pointe argues Lee could not have relied on any statements from Emerald Pointe's representatives because Lee went into the hospital prior to speaking with anyone at Emerald Pointe.  Therefore, Emerald Pointe argues Lee's promissory estoppel claim fails because no one could have promised Lee he could return to his prior job and work schedule before he entered the hospital.

Whereas, Lee states that his supervisor at Emerald Pointe, Beebe told him that he could return to his old job working the same scheduled when he returned from sick leave. There are clearly two sides to the story. Thus, there is a genuine issue of material fact regarding whether a promise was made, and the Motion for Summary Judgment as to Count III is denied.

### *COUNT IV Fraud*

To state a legally viable claim for fraud, four elements must be sufficiently alleged: (1) a false statement concerning a specific material fact; (2) the maker's knowledge that the representation is false; (3) an intention that the representation induces another's reliance; and (4) consequent injury by the other party acting in reliance on the representation. Wadlington v. Continental Medical Services, Inc., 907 So.2d 631, 632 (Fla. 4th DCA 2005) (citing Cohen v. Kravit Estate Buyers, Inc., 843 So.2d 989, 991 (Fla. 4th DCA 2003) (quoting Lopez-Infante v. Union Cent. Life Ins. Co., 809 So.2d 13, 15 (Fla.

3d DCA 2002)); see also Samuels v. King Motor Co. of Fort Lauderdale, 782 So.2d 489, 497 (Fla. 4th DCA 2001).

Lee states that Emerald Pointe promised him that he could return to work with the same schedule, hours and position upon being released to return to work. Emerald Pointe argues that it could not have promised Lee he could return to work because he entered the hospital before anyone had the chance to speak with him. There is a genuine issue of material fact regarding whether a promise was made to Lee regarding his future schedule. As such, it is a matter for the trier of fact to determine if Lee was given a promise and if he relied upon the promise to the point that his reliance cause him injury. Therefore, the Motion is due to denied as to Court IV.

## CONCLUSION

There exists a genuine issue of material fact regarding statements made to Lee about his continued employment and schedule. Since there is a genuine issue of material fact the Motion for Summary Judgment is denied.

Accordingly, it is now

**ORDERED:**

The Defendant Emerald Pointe Condominium Association, Inc.'s Motion for Final Summary Judgment (Doc. #25) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 30th day of May, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record