UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONALD LEE,

       Plaintiff,

v.                                          Case No: 2:12-cv-685-FtM-38DNF

EMERALD POINTE CONDOMINIUM
ASSOCIATION, INC.,

       Defendant.
_____/

**<u>ORDER</u>**[1]

This matter comes before the Court *sua sponte* upon review of the docket sheet. On July 15, 2013, Magistrate Judge Douglas Frazier issued an Order (Doc. #21) granting the Plaintiff's Motion to Amend the Complaint and directing the Clerk to file the attached Amended Complaint separately on the docket. Although a docket entry was made on that same day, (Doc. #22) the docket clerk did not docket the Amended Complaint as directed, but instead docketed the original Complaint (Doc. #1).[2] After this docketing error, Defendant moved for summary judgment (Doc. #25) based on what was believed to be the Amended Complaint but was instead the original Complaint. The Court then issued an Order denying the Defendant's Motion for Summary Judgment. (Doc. #30).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

[2] This is not the first time that the Clerk's Office has failed to file an attached amended complaint as directed but has instead refiled the original complaint causing countless hours of court time as a result.

That Order was based upon what was thought to be the Amended Complaint.  Therefore, the Court's Order on Summary Judgment (Doc. #30) will be vacated and the docket clerk will be directed to file the Amended Complaint as a separate docket entry on the docket sheet.  The Defendant will be allowed leave to file a renewed motion for summary judgment based on the eight-count Amended Complaint.

Additionally, Magistrate Judge Douglas Frazier denied the Plaintiff's Motion to Compel (Doc. #31) as being too broad in scope based on what he believed to be the Amended Complaint.  It appears Magistrate Judge Frazier was also reviewing what was purported to be the Amended Complaint but was in actuality the original Complaint.  Because the Amended Complaint was never filed as directed, the discovery Order does not address the actual dispute.  Thus, the order denying the Motion to Compel (Doc. #32) will be vacated and the Motion to Compel reactivated.  This Court requests the Judge Frazier to reevaluate that Motion on the merits based upon the Amended Complaint.

Further, the Plaintiff filed a Motion for Reconsideration (Doc. #33) on July 8, 2014.  Because this Court has vacated any Orders that were entered as a result of the docket clerk's failure to docket the appropriate Amended Complaint, that Motion is moot and will be denied as such.

Accordingly, it is now

**ORDERED:**

(1) The Clerk of the Court is directed to file the Plaintiff's Amended Complaint attached to the Motion to Amend (Doc. #20-1, Ex. A) as a new entry on the docket sheet.

(2) The Court's Order denying Summary Judgment (Doc. #30) is **VACATED**. The Defendant has up to and including **July 31, 2014**, to file a renewed Motion for Summary Judgment.

(3) The Court's Order denying the Motion to Compel (Doc. #32) is **VACATED**.

    (a) The Clerk's Office is directed to activate the Motion to Compel (Doc. #31).

    (b) The Defendant has fourteen (14) days from the date of this Order to file a response to the Motion to Compel.

(4) The Plaintiff, Donald Lee's Motion for Reconsideration (Doc. #33) is **DENIED as moot**.

(5) The Clerk is directed to review its internal procedures with staff to ensure that they fully understands the necessity of properly docketing all filings in order to avoid this type of issue in the future.

**DONE** and **ORDERED** in Fort Myers, Florida this 15th day of July, 2014.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record
CC:  Sheryl Loesch, Clerk of Court